IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AURINIA PHARMACEUTICALS INC., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>GEORGE F. TIDMARSH,<br><br>   Defendant. | Case No. 25-cv-3593-LKG |

**UNITED STATES OF AMERICA'S RESPONSE TO
DEFENDANT'S PETITION TO CERTIFY SCOPE OF EMPLOYMENT AND
SUBSTITUTE UNITED STATES AS DEFENDANT
<u>PURSUANT TO 28 U.S.C. § 2679(d)(3)</u>**

The United States of America, by undersigned counsel, hereby submits this Response to Defendant's Petition to Certify Scope of Employment and Substitute the United States as Defendant Pursuant to 28 U.S.C. § 2679(d)(3) (ECF No. 35) ("Petition to Certify Scope"). The Petition to Certify Scope should be denied because it is premature. In support of this Response, the United States of America states as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

On November 2, 2025, Plaintiffs filed the Complaint for defamation and injurious falsehood against Defendant George F. Tidmarsh (ECF No. 1). Defendant is the former Director of the Food and Drug Administration ("FDA") Center for Drug Evaluation and Research. *See* Compl. ¶ 23 (ECF No. 1).

By letter dated November 14, 2025, Defendant requested that the FDA begin the process set forth in 28 C.F.R. § 15.3 to have the United States Attorney for the District of Maryland certify that he was acting within the scope of his employment at all times relevant to the allegations in the

Complaint. Pet. to Certify Scope at 7 (ECF No. 35). As Defendant indicated in the Petition to Certify Scope, that process is underway, will take some time, and is ongoing. *Id.* at 7-8.

On December 16, 2025, Defendant filed the subject Petition to Certify Scope. The Petition to Certify Scope is premature and, therefore, should be denied.

## LEGAL STANDARD

The Federal Employees Liability Reform and Tort Compensation Act of 1988, which amended the Federal Tort Claims Act ("FTCA") and is commonly known as the Westfall Act, "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley,* 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679(b)(1)). To obtain such absolute immunity, the defendant federal employee and the plaintiff suing the federal employee must follow the procedures outlined in 28 U.S.C. § 2679(c). *United Servs. Auto. Ass'n v. United States*, 105 F.3d 185, 186-87 (4th Cir. 1997).

First, the defendant federal employee "who has been sued must deliver the suit papers to his superior or other designated person who, in turn, must furnish copies to the appropriate United States attorney, to the Attorney General, and to the head of the employee's agency." *Id.* (citing 28 U.S.C. § 2679(c)). After the suit papers have been delivered, "the Attorney General must certify that the federal employee was acting within his or her scope of employment during the alleged tortious act." *Butt v. Williams*, No. 20-cv-2318-CBD, 2021 WL 3172271, at *2 (D. Md. July 27, 2021) (citing *Salazar v. Ballesteros*, 17 Fed. App'x 129, 130 (4th Cir. 2001); *Walls v. O'Bryant*, No. 09-cv-762-DKC, 2009 WL 3617755, at *2 (D. Md. 2009); 28 U.S.C. § 2679(d)(1)). If – and only if – the Attorney General or her designee "refuses to certify that the employee was acting with the scope of his employment, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." *United*

*Servs. Auto. Ass'n*, 105 F.3d at 186-87; *see also* 28 U.S.C. § 2679(d)(3) ("In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment.").

To be clear, according to the plain text of the statute, Plaintiff may not petition the Court for certification until *after* "the Attorney General has refused to certify scope of office or employment." *United Servs. Auto. Ass'n*, 105 F.3d at 186-87. This Court's decision in *Butt v. Williams*, No. 20-cv-2318-CBD, 2021 WL 3172271 (D. Md. July 27, 2021), is illustrative. In *Butt*, the plaintiff sued a federal employee in State court. 2021 WL 3172271, at *1. The defendant removed the case to this Court and moved for summary judgment, arguing that she is immune from liability under the FTCA because she was acting within the scope of her employment. *Id.* at *2. The Court denied the defendant's motion on the ground that it was premature because the defendant had not followed the procedure laid out in the Westfall Act. *Id.* at *3. The Court held:

> While Defendant is correct in stating that the FTCA protects federal employees from tort claims arising from their scope of employment, the burden is on Defendant to satisfy the statutory and procedural elements in order to obtain personal immunity. Defendant's burden has not been met. The Court cannot determine at this stage whether Defendant was acting within the scope of her employment. *In the current posture of the case, this decision rests solely with the Attorney General*. 28 U.S.C. § 2679(d)(1). Accordingly, since Defendant has not followed the proper procedures under the FTCA, the case remains against Defendant and the United States is not a proper party at this time.

*Butt*, 2021 WL 3172271, at *4 (emphasis added); *see also Salazar*, 17 Fed. App'x at 131-32 (citing 28 U.S.C. § 2679(c), (d)) ("The problem in this case, however, is that the Westfall Act never was activated, because Ballesteros apparently failed to follow the elaborate statutory procedures for (1) notifying the Attorney General of the suit, (2) having the Attorney General certify his actions as

'within the scope of employment,' and (3) petitioning the court for such certification in the event that the Attorney General refused to do so.").

## ARGUMENT

The Petition to Certify should be denied as premature because the procedure set forth in the Westfall Act is not yet complete. The United States Attorney has not refused to certify that Defendant was acting within the scope of his employment. The United States of America submits that the statutorily required and proper course of action forward on the question of whether Defendant was acting within the scope of his employment is to allow the United States Attorney to make a determination. Only if the United States Attorney refuses to certify that Defendant was acting within the scope of his employment is a petition like the Petition to Certify proper. The Petition to Certify, therefore, should be denied.

## CONCLUSION

Based on the foregoing, the United States of America respectfully requests that the Court deny Defendant's Petition to Certify Scope.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: /s/ Kelly M. Marzullo
Kelly M. Marzullo (Bar No. 28036)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4956 (direct)
(410) 962-2310 (fax)
kelly.marzullo@usdoj.gov
