IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| AURINIA PHARMACEUTICALS INC., and AURINIA PHARMA U.S., INC.<br><br>          *Plaintiffs*,<br><br>    v.<br><br>GEORGE F. TIDMARSH,<br><br>          *Defendant*. | Civil Action No. 25-cv-3593-LKG |

**DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO DEFENDANT'S PETITION TO CERTIFY SCOPE OF EMPLOYMENT AND SUBSTITUTE UNITED STATES AS DEFENDANT PURSUANT TO 28 U.S.C. § 2679(d)(3)**

Defendant Dr. George F. Tidmarsh respectfully submits this reply to the United States of America's (the "Government") December 23, 2025, Response to Defendant's Petition to Certify Scope of Employment and Substitute United States as Defendant Pursuant to 28 U.S.C. § 2679(d)(3). *See* Doc. 39. Given the importance of the threshold issue of immunity from suit, Dr. Tidmarsh agrees with the Government that the Court should afford the Government time to make this determination, which is precisely why Dr. Tidmarsh, after consulting with the Government, sought an extension of his time to respond to the Complaint. Plaintiffs opposed that request, so Dr. Tidmarsh moved the Court for an extension of time to respond to the Complaint. Because the Court did not rule on that motion by Dr. Tidmarsh's response deadline, Dr. Tidmarsh had no choice but to file his Petition and Motion and Dismiss on December 16, 2025. Following the Government's response, Dr. Tidmarsh and the Government conferred about the proper course of action here, and both Dr. Tidmarsh and the Government agree that the Petition and Motion to Dismiss should be held in abeyance (rather than dismissed without prejudice as

premature) pending the Government's decision on his request for certification. Dr. Tidmarsh hereby further replies as follows:

## RELEVANT PROCEDURAL HISTORY

1. On November 2, 2025, Plaintiffs Aurinia Pharmaceuticals Inc. and Aurinia Pharma U.S., Inc. ("Aurinia") sued Dr. Tidmarsh in this Court over allegedly defamatory statements he made about Aurinia's flagship drug while serving as the Director of the Food and Drug Administration's ("FDA") Center for Drug Evaluation and Research ("CDER"). *See* Compl. (Doc. 1). Aurinia served the summons and Complaint on Dr. Tidmarsh on November 4, 2025. *See* Doc. 18.

2. On November 14, 2025, Dr. Tidmarsh formally requested that the FDA begin the process set forth in 28 C.F.R. § 15.3 to have the United States Attorney for the District of Maryland or the Branch Director of the Torts Branch, Civil Division, Department of Justice ("DOJ") certify that Dr. Tidmarsh was acting within the scope of his employment as the Director of CDER at all times relevant to the allegations in the Complaint. *See* Doc. 35-1 at 7-8; *see also* Doc. 39 at 1-2. That same day, Dr. Tidmarsh also sought and obtained Aurinia's consent to extend Dr. Tidmarsh's time to respond to the Complaint until December 16, 2025 (Doc. 19), including to afford the Government time to evaluate his request for certification and substitution under the Westfall Act. This Court granted the extension on November 25, 2025. *See* Doc. 29.

3. On December 3, 2025, attorneys from the DOJ reached out to Dr. Tidmarsh to request additional information regarding his request for certification. *See* Doc. 30 ¶ 5. On December 4, 2025, the DOJ informed Dr. Tidmarsh that the certification process involves multiple agencies and takes some time. *Id*. The DOJ indicated that a 30-day extension, until

2

January 15, 2026, should provide the Government with the time needed to evaluate his request. *Id*. Dr. Tidmarsh then sought Aurinia's consent to the extension, but Aurinia refused. *Id*. ¶ 9.

4. Accordingly, on December 8, 2025, Dr. Tidmarsh filed a motion to further extend his deadline to respond to the Complaint until January 15, 2026. *See* Doc. 30. Dr. Tidmarsh explained in his motion that he was requesting the additional time because he understood the "extension will allow the DOJ sufficient time to make its certification determination under 28 U.S.C. § 2679," and the extension would "allow the important threshold issue of immunity" to "be properly and thoroughly addressed" before putting Dr. Tidmarsh to the burden and expense of responding to a lawsuit from which he is entitled to immunity under the Westfall Act. *Id*. ¶ 6.

5. On December 12, 2025, Aurinia filed its opposition to Dr. Tidmarsh's motion for extension. *See* Doc. 31. Aurinia urged this Court to deny Dr. Tidmarsh's request because, it said:

> It will almost certainly take months for the parties to brief the issue and for the Court to schedule a hearing and ultimately render a decision on this and any other putatively case-dispositive issues. Dr. Tidmarsh offers no reason to believe that the government's certification decision will not come down in the interim. Thus, there is no reason to delay briefing to await the government's decision—once it comes, the Court will be informed, and it can factor the government's certification or non-certification into its decision.

*Id*. ¶ 12.

6. Because the Court had not ruled on Dr. Tidmarsh's request for an extension by the time his response to Aurinia's Complaint was then due, Dr. Tidmarsh filed on December 16, 2025, his (1) Petition to Certify Scope of Employment and Substitute the United States as Defendant Pursuant to 28 U.S.C. § 2679(d)(3) (the "Petition"), and (2) Motion to Dismiss the Complaint. *See* Doc. 35.

7. On December 17, 2025, Aurinia asked Dr. Tidmarsh for his consent to extend its time to respond to the Petition and Motion to Dismiss until January 13, 2026. Dr. Tidmarsh

agreed to Aurinia's request, along with an extension of Dr. Tidmarsh's time to reply, in part to give the Government additional time to consider Dr. Tidmarsh's certification request. Under the parties' agreed briefing schedule, which is still subject to this Court's approval, Dr. Tidmarsh's Petition and Motion to Dismiss will not be fully briefed until February 3, 2026. Doc. 36 ¶¶ 6-7.

8. On December 23, 2025, the Government filed its response to Dr. Tidmarsh's Petition, arguing that it should be denied as "premature" because the Government's review of Dr. Tidmarsh's request for certification and substitution under the Westfall Act "is not yet complete" and the Government "has not refused to certify that [Dr. Tidmarsh] was acting within the scope of his employment." Doc. 39 at 4.

9. Following the Government's response, counsel for Dr. Tidmarsh and the Government conferred and agree that rather than dismissing the Petition as premature, the Petition and Motion to Dismiss should be held in abeyance to allow the Government adequate time to consider the threshold and potentially dispositive issue of Dr. Tidmarsh's certification request.

## ARGUMENT

10. While Dr. Tidmarsh would have preferred—and indeed sought Aurinia's consent—to wait for the Government to make its certification determination before filing his Petition and Motion to Dismiss, Aurinia refused to agree to that reasonable, good faith request. As a result, Aurinia left Dr. Tidmarsh no choice but to file the Petition on December 16, 2025, before the Government's review process was complete, to protect his rights and preserve his entitlement to immunity under the Westfall Act.

11. Based on counsel's discussions with the DOJ in early December 2025 (*see supra* ¶ 3), Dr. Tidmarsh anticipates that the Government will issue its decision on certification before

Dr. Tidmarsh's Petition is fully briefed on February 3, 2026. Dismissing the Petition as premature at this stage, as the Government initially proposed, is unnecessary and could lead to duplication of filing and briefing, wasting the parties' and this Court's resources. Instead, the Government and Dr. Tidmarsh agree that the Petition and Motion to Dismiss should be held in abeyance to give the Government the time it needs to complete its review and determine whether to issue the requested scope-of-employment certification and substitute the Government as defendant.

12. This approach makes eminent sense from a judicial economy perspective. *See Benisek v. Lamone*, 266 F. Supp. 3d 799, 803 (D. Md. 2017), *aff'd*, 585 U.S. 155 (2018) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). If the Government refuses to certify, the Petition and Motion to Dismiss can be taken up at that time. Conversely, if the Government certifies and is substituted as the proper defendant, Dr. Tidmarsh will be excused from this suit and any disputes over the Government's certification decision may be addressed by Aurinia and the Government. *See De Martinez v. Lamagno*, 515 U.S. 417, 431 (1995) ("When the Attorney General has granted certification, if the case is already in federal court . . . the United States will be substituted as the party defendant."); *see also Maron v. United States*, 126 F.3d 317, 321 (4th Cir. 1997) ("Once this certification has been made, the United States is substituted as the sole defendant.")

## **CONCLUSION**

13. For the reasons set forth above, and in light of the Government's support of this filing, Dr. Tidmarsh respectfully submits that this Court should hold his Petition and Motion to

5

Dismiss in abeyance pending the Government's decision on his request for certification and substitution of the United States pursuant to 28 U.S.C. § 2679(d)(3).

Dated:  December 29, 2025

Respectfully submitted,

By:*/s/ Darrell S. Cafasso*
Darrell S. Cafasso (*pro hac vice*)
Gregory D. Beaman (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone:   (212) 506-5000
Fax:              (202) 212-5151
dcafasso@orrick.com
gbeaman@orrick.com

By:*/s/ Sarah B. Meehan*
(signed by Darrell S. Cafasso with permission of Sarah B. Meehan)
Sarah B. Meehan (Bar. No. 30428)
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone:   (202) 339-8400
Fax:              (202) 339-8500
smeehan@orrick.com

*Attorneys for Defendant*
*Dr. George F. Tidmarsh*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of December 2025, a copy of the foregoing Reply to the United States' Response in Opposition to Defendant's Petition to Certify Scope of Employment and Substitute the United States as Defendant Pursuant to 28 U.S.C. § 2679(d)(3) was served on all counsel of record via the Court's ECF system.

*/s/ Darrell S. Cafasso*
Darrell S. Cafasso
